Fourth Appellate Department, December, 1899. Reported. 46 App. Div. 634.

In the Matter of the Petition of JOHN D. CAMPBELL, Appellant, for an Order Revoking and Cancelling Liquor Tax Certificate No. 24,279, Issued to WILLIAM F. ROBINETT, Respondent.

APPEAL from an order of the Appellate Division of the fourth department, reversing an order made herein dismissing the proceeding to cancel and revoke upon the ground that the court has no power to grant relief sought.

*Shire & Jellinek,* attorneys for appellant: The license can be revoked only upon conviction for a violation of the provisions of the statute and the appellant not having been convicted of the violation charged against him in the petition, cannot have his certificate revoked.

*L. H. Jones,* attorney for Respondent Campbell: The statute states " on account of the violation " and not " on account of the conviction " a certificate shall be forfeited. This proceeding will lie. *Matter of Bradley,* 22 Misc. 301; *Matter of Lyman,* 24 Misc. 552; *Matter of Bridge,* 25 Misc. 213; *Matter of Lyman,* 26 Misc. 300; *Matter of Fall,* 26 Misc. 611; *Matter of Lewis,* 26 Misc. 532; *Matter of Lyman,* 26 Misc. 568; *People ex rel. Bagley* v. *Hamilton,* 25 App. Div. 428; *Matter of Michell,* 41 App. Div. 271; *Matter of Kinzel,* 28 Misc. 622; *People ex rel. Miller* v. *Lyman,* 156 N. Y. 407. The power to license sale of intoxicating liquors and to cancel such license when granted is vested in the Legislature. The mode and manner in which this shall be done rests in the discretion of that body. *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657; *People ex rel. Presmeyer* v. *Commissioner of Police,* 59 N. Y. 92.

*William E. Schenck,* attorney for O'Grady, Special Dep. Comr. of Excise. *P. W. Cullinan,* of counsel: The police power is inherent in every sovereignty. Every holder of property holds it under the implied liability that its use shall not be injurious to the rights of the community. The right to exercise this police power cannot be alienated, surrendered or abridged by the Legislature. Prentice on Police Powers, p. 15; Cooley on Constitutional Limitations, 572; *Commonwealth* v. *Alger,* 7 Cush. 84; *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657; REDFIELD, J., *Thorpe* v. *R. & B. R. R. Co.,* 27 Vt. 140; *Bertholf* v. *O'Reilly,* 74 N. Y. 509. Under the police power the conduct of an individual and the use of property may be regulated and in cases of great emergency, property may be taken or destroyed and without what is commonly called due process of law. *Matter of Application of Jacobs,* 98 N. Y. 98. The control of the liquor traffic is within the police power of the State. *Beer Co.* v. *Mass.,* 97 U. S. 25; *Foster* v. *Kansas,* 112 U. S. 106; *Muggler* v. *Kansas,* 123 U. S. 623; Prentice on Police Powers, p. 32; *Bertholf* v. *O'Reilly,* 74 N. Y. 517; *People ex rel. Presmeyer* v. *Comrs. of Police,* 59 N. Y. 92; *People* v. *Murray,* 149 N. Y. 367. The present Liquor Tax Law is constitutional. *People ex rel. Einsfeld* v. *Murray,* 149 N. Y. 367; *Kresser* v. *Lyman,* 74 Fed. Rep. 765. The police power may warrant destruction of property without any compensation to owner, without having it considered as taken for public use and without violating the constitutional provisions without "due process of law." *License Cases,* 5 How. 588; *Muggler* v. *Kansas,* 123 U. S. 623; *Beer Co.* v. *Mass.* 97 U. S. 32; *Fertilizer Gas Co.* v. *Hyde Park Co.,* 97 U. S. 659; *Stone* v. *Mississippi,* 101 U. S. 814; *People* v. *Budd,* 117 N. Y. 1; *Lawton v. Steele,* 119 N. Y. 226. It is not necessary that a criminal conviction should antedate or precede civil proceedings instituted to revoke a liquor tax certificate under sub. 2 of sec. 28 of the Liquor Tax Law when violation upon which proceedings were based occurred after certificate has been obtained. In *re Bradley* v. *Hall,* 22 Misc. Rep. 301; in *re Lyman* v. *Belden Club,* 33 App. Div. 640; in *re Lyman* v. *Dieffenbacher,* 25 Misc. 638; in *re Lyman* v. *Fagen,* 26 Misc. Rep. 300; in *re Lyman* v. *Gramery Club,* 28 App. Div. 209; in *re Lyman* v. *Young Men's Cosmopolitan Club,* 28 App. Div. 127; in *re Michell* v. *James,* 41 App. Div. 271; in *re Lyman* v. *Maloney,* 28 Misc. 385; in *re Lyman* v. *Monahan,* 28 Misc. 408; in *re Kinzel* v. *Malone,* 28 Misc. 622; in

*re Lyman* v. *Veeder,* 29 Misc. 524; .in *re Remington* v. *Wieland,* 41 App. Div. 625. The right to pursue concurrent civil and criminal remedies is recognized in *Presmeyer* v. *The Board of Commissioners of Police, etc.,* 59 N. Y. 92; *People* v. *Meyers,* 95 N. Y. 223. When a criminal act is alleged in a civil suit, in a suit that is civil not in form merely, but in its nature and purpose, proof of the criminal act beyond a reasonable doubt is not required to warrant a verdict or decision in favor of party who makes the allegation. 1 *Greenleaf on Evidence,* § 13 a note; *Insurance Co.* v. *Wilson,* 7 Wis. 169; *Knowles* v. *Scribner,* 57 Maine 495; *Hoffman* v. *Insurance Co.,* 1 La. Ann. 216; *Ellis* v. *Buzzell,* 60 Me. 209; *People* v. *Briggs,* 114 N. Y. 64; *Wharton on Evidence,* § 1244, 1245 and 1246 and notes.

Order reversed with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon opinion of HARDIN, P. J., in *Matter of Petition of Lyman* v. *Erie County Athletic Club,* decided at this term.

All concurred.